UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TIMOTHY BATEY, | ) | | |
|---|---|---|---|
| *Petitioner*, | ) | | |
| v. | ) | No. | 3:17-CV-156-CLC-HBG |
| SHAWN PHILLIPS and STATE OF TENNESSEE, | ) | | |
| *Respondents*. | ) | | |

# **M E M O R A N D U M**

Petitioner, Timothy Batey, a prisoner serving concurrent state and federal sentences in the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, has filed a pro se petition for a writ of habeas corpus [Doc. 1], along with an application to proceed *in forma pauperis* [Doc. 7] and a motion to appoint counsel [Doc. 8].

Petitioner's application for leave to proceed *in forma pauperis* [Doc. 7] and accompanying financial documents [Docs. 2 and 7] reflect that he lacks the financial resources to pay the required filing fee. Petitioner's inmate trust fund certificate shows that as of May 25, 2017 he has no money on account to his credit at MCCX [Doc. 7 p. 8]. Accordingly, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 7] is **GRANTED**.

In his petition, Petitioner challenges the calculation of his federal sentence, alleging that he has been denied federal sentence credit for pretrial incarceration [Doc. 1]. Petitioner pled guilty to one count of unlawfully possessing a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1) and 924. On September 11, 2014, Petitioner was sentenced to sixty (60)

months imprisonment, to be imposed concurrently with his state sentence [Doc. 1 p. 4]. Petitioner asserts that his sentence was to begin to run starting the day of arrest on December 22, 2011 [*Id*.]. He argues that his federal sentence expired in March 2016, but now he is being told his sentence does not expire until December 2018 [*Id*. at 6].

"After a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons ("BOP"), has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Federal regulations afford prisoners administrative review of the computation of their credits, and prisoners can seek judicial review of those computations only after exhausting their administrative remedies. *Id*. at 336. Only if that administrative review fails, should petitioners petition the district court of habeas corpus review in the district where the prisoner is being held. *See* 28 U.S.C. § 2241; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

Nothing in the petition suggests that Petitioner has pursued relief from the BOP and has been denied consideration. Because the BOP is responsible for administering Petitioner's sentence, and because Petitioner has not demonstrated that he exhausted his administrative remedies, the Court does not possess the authority to order that Petitioner receive the requested credit to his sentence of imprisonment. *E.g., Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003) (affirming district court's denial for failure to exhaust administrative remedies where petitioner did not file any documents demonstrating exhaustion). Accordingly, the petition for writ of habeas corpus [Doc. 1] is **DISMISSED**.

**SO ORDERED.**

**ENTER:**

/s/ _____

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**